IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:11-CV-5-D

| | | |
|---|---|---|
| DAVID C. RIGGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ORKIN, INC., | ) | |
| | ) | |
| Defendant. | ) | |

On December 2, 2010, David C. Riggs ("Riggs" or "plaintiff") filed suit against Orkin, Inc. ("Orkin" or "defendant") in Onslow County Superior Court [D.E. 1-1]. Riggs alleges that Orkin breached a termite protection contract covering his real property in Maysville, North Carolina. Compl. 1–2. Riggs claims breach of contract, negligence, unfair and deceptive trade practices, and fraud, and requests punitive damages. Id. at 2–5. On January 5, 2011, Orkin removed the action to this court [D.E. 1]. On January 12, 2011, Orkin filed a motion to dismiss Riggs's claims for negligence, unfair and deceptive trade practices, fraud, and punitive damages, and Riggs's request for damages for severe emotional distress due to the breach of contract [D.E. 3]. On February 1, 2011, Riggs responded in opposition [D.E. 7]. On February 16, 2011, Orkin replied [D.E. 9]. For the reasons stated below, the court grants the motion to dismiss.

I.

Riggs alleges that at some time before 1990, he entered into a termite protection contract with Orkin. Compl. ¶ 3. Orkin agreed to inspect his home in Maysville, North Carolina, provide termite treatment of that home, and notify Riggs should conditions at the home be conducive to termite activity. Id. ¶¶ 3–4. Orkin inspected Riggs's residence annually until 2009. Id. ¶ 5. These

inspections resulted in Orkin representatives "reporting in writing that all was well and that no problems existed." Id. ¶ 6. Riggs alleges that despite these inspections, his house became infested with termites, and that Orkin representatives "repeatedly reported that there was nothing which required attention under [Riggs's] house." Id. ¶ 7. The termite infestation caused damage to Riggs's home requiring significant repairs and derivative expenses. Id. ¶¶ 10–11. Riggs also claims he "has suffered severe emotional distress." Id. ¶ 11.

In analyzing a motion to dismiss for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56, 563 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. Iqbal, 129 S. Ct. at 1949–50; Coleman, 626 F.3d at 190; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

The court has jurisdiction based on diversity, and North Carolina law governs Riggs's claims. Thus, this court must determine how the Supreme Court of North Carolina would rule. See Twin City Fire Ins. Co. v. Ben Arnold-Sunbelt Beverage Co., 433 F.3d 365, 369 (4th Cir. 2005). "If the Supreme Court of [North] Carolina has spoken neither directly nor indirectly on the particular issue before us, we are called upon to predict how that court would rule if presented with the issue." Id.

2

(quotation omitted). In making that prediction, the court may consider lower court opinions in North Carolina, treatises, and the practices of other states. See id.

As for Riggs's request for damages for severe emotional distress due to the breach of contract, the claim requires a plaintiff to show that the contract "was not one concerned with trade and commerce with concomitant elements of profit involved," that "pecuniary interests were not the dominant motivating factor in the decision to contract," and that "the benefits contracted for relate directly to matters of dignity, mental concern or solicitude, or the sensibilities of the party to whom the duty is owed, and which directly involves interests and emotions recognized by all as involving great probability of resulting mental anguish if not respected." Reis v. Hoots, 131 N.C. App. 721, 731, 509 S.E.2d 198, 205 (1998) (quoting Johnson v. Ruark Obstetrics, 327 N.C. 283, 301, 395 S.E.2d 85, 96 (1990)). Here, the termite service contract Orkin allegedly breached fails to meet these requirements. Thus, Riggs's claim for damages for severe emotional distress in count one is dismissed for failure to state a claim upon which relief can be granted.

As for Riggs's negligence claim, "[o]rdinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor." N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 81, 240 S.E.2d 345, 350 (1978), rejected in part on other grounds by Trs. of Rowan Tech. Coll. v. J. Hyatt Hammond Assocs., Inc., 313 N.C. 230, 328 S.E.2d 274 (1985). "To pursue a tort claim and a breach of contract claim concerning the same conduct, a plaintiff must allege a duty owed him by the defendant separate and distinct from any duty owed under a contract." Kelly v. Georgia-Pacific LLC, 671 F. Supp. 2d 785, 791 (E.D.N.C. 2009) (quotation omitted); Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 346 (4th Cir. 1998). This independent tort "must have an aggravating element such as malice or recklessness . . . ." Strum v. Exxon Co., USA, 15 F.3d 327, 331 (4th Cir. 1994). Here, Riggs's negligence claim fails to allege a separate and

3

distinct duty from Orkin's contractual duty. Thus, Riggs's claim for negligence in count two is dismissed for failure to state a claim upon which relief can be granted.

As for Riggs's unfair and deceptive trade practices claim, under the Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. §§ 75-1.1–75-16.2, a plaintiff must show (1) an unfair or deceptive act or practice (2) in or affecting commerce (3) which proximately caused actual injury to the plaintiff or to his business. See, e.g., N.C. Gen. Stat. § 75-1.1; Walker v. Fleetwood Homes of N.C., Inc., 362 N.C. 63, 71–72, 653 S.E.2d 393, 399 (2007); Dalton v. Camp, 353 N.C. 647, 656–57, 548 S.E.2d 704, 710–11 (2001); RD & J Props. v. Lauralea-Dilton Enters., LLC, 165 N.C. App. 737, 748, 600 S.E.2d 492, 500 (2004). The conduct must be immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. See, e.g., Gilbane Bldg. Co. v. Fed. Reserve Bank, 80 F.3d 895, 902 (4th Cir. 1996); Branch Banking & Trust Co. v. Thompson, 107 N.C. App. 53, 61, 418 S.E.2d 694, 700 (1992). Whether an act or practice is unfair or deceptive under the UDTPA is a question of law for the court. See, e.g., Walker, 362 N.C. at 71, 653 S.E.2d at 399; Harty v. Underhill, No. COA10-583, 2011 WL 1648099, at *5 (N.C. Ct. App. May 3, 2011).

"[A] breach of contract claim cannot, standing alone, form the basis of an [UDTPA] claim." Harty, 2011 WL 1648099, at *6. "The plaintiff must show substantial aggravating circumstances attending the breach to recover under the [UDTPA] . . . ." Eastover Ridge, L.L.C. v. Metric Constructors, Inc., 139 N.C. App. 360, 367–68, 533 S.E.2d 827, 832–33 (2000) (quotation omitted). "North Carolina courts are extremely hesitant to allow plaintiffs to attempt to manufacture a tort action and allege [UDTPA claims] out of facts that are properly alleged as a breach of contract claim." Jones v. Harrelson & Smith Contractors, LLC, 194 N.C. App. 203, 229, 670 S.E.2d 242, 259 (2008). "It is unlikely that an independent tort could arise in the course of contractual performance, since those sorts of claims are most appropriately addressed by asking simply whether

4

a party adequately fulfilled its contractual obligations." Eastover Ridge, L.L.C., 139 N.C. App. at 368, 533 S.E.2d at 833 (quotation omitted); PCS Phosphate Co. v. Norfolk S. Corp., 559 F.3d 212, 224 (4th Cir. 2009). Here, Riggs's claim fails to allege any aggravating circumstance. Thus, Riggs's claim for unfair and deceptive trade practices in count three is dismissed for failure to state a claim upon which relief can be granted.

As for Riggs's fraud claim, Riggs alleges that Orkin, through its employees and agents, made representations it knew to be false regarding the condition of Riggs's home, thus fraudulently inducing Riggs to contract with Orkin for additional services. Although fraud that induces contractual relations may be claimed in addition to a breach of contract, see, e.g., Food Lion, LLC v. Schuster Mktg. Corp., 382 F. Supp. 2d 793, 800–01 (E.D.N.C. 2005) (collecting cases), both the Federal Rules of Civil Procedure and the North Carolina Rules of Civil Procedure require that fraud be pled with particularity. Fed. R. Civ. P. 9(b); N.C. Gen. Stat. § 1A-1, Rule 9(b). A plaintiff must plead "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quotation omitted); S.N.R. Mgmt. Corp. v. Danube Partners 141, LLC, 189 N.C. App. 601, 610, 659 S.E.2d 442, 449 (2008). Dismissal is appropriate for failure to plead fraud with particularity, unless the court believes that the pleading alerts the defendant sufficiently to prepare a defense at trial and that the plaintiff possesses substantial prediscovery evidence of facts supporting the alleged fraud. Harrison, 176 F.3d at 783–84 & n.5. Here, Riggs fails to allege with particularity the time or contents of the false representations. Although Riggs alleges Orkin inspected his residence at least annually over a 19-year period and that Orkin generally informed him that "conditions under his house were good," Riggs fails to allege when those inspections occurred and which inspections involved the alleged fraudulent

5

misrepresentations. Riggs's "mere generalities and conclusory allegations of fraud [do] not suffice to sustain a fraud claim." Strum, 15 F.3d at 331 (quotation omitted). Furthermore, nothing suggests that Riggs possesses evidence of the alleged fraud. "The crux of this matter is . . . a contract dispute." Broussard, 155 F.3d at 346. Thus, Riggs's claim for fraud in count four is dismissed for failure to state a claim upon which relief can be granted.

Finally, Riggs requests punitive damages. Punitive damages may only be awarded in cases involving fraud, malice, or willful or wanton conduct. N.C. Gen. Stat. § 1D-15(a). However, punitive damages may not be awarded solely for breach of contract. Id., § 1D-15(d). Therefore, when the sole surviving claim is for breach of contract, a trial court should dismiss any claim for punitive damages. Carcano v. JBSS, LLC, 200 N.C. App. 162, 180–81, 684 S.E.2d 41, 54 (2009). Because Riggs's claim for breach of contract is the sole surviving claim, his claim for punitive damages in count five is dismissed.

II.

Orkin's motion to dismiss [D.E. 3] is GRANTED. Counts two, three, four, and five are DISMISSED. Riggs's request for damages for severe emotional distress in count one is also DISMISSED. The sole surviving claim is Riggs's breach of contract claim in count one.

SO ORDERED. This 13 day of June 2011.

JAMES C. DEVER III
United States District Judge